IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                    Case No. 13-cr-1281 RB

ADRIANA IVETTE ESTRADA,

    Defendant.

**ORDER OVERRULING DEFENDANT'S OBJECTIONS, ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, AND DENYING DEFENDANT'S MOTION**

This matter comes before the Court on Defendant's objections, *doc. 60*, to the Magistrate Judge's Proposed Findings and Recommended Disposition (PFRD), *doc. 59*. The Court overrules the objections, adopts the PFRD, and denies Defendant's Motion *doc. 49*.

**I.    BACKGROUND**

Defendant Adriana Estrada is a Mexican citizen. *Doc. 49* at 1, Ex. 1. She has been a lawful permanent resident of the United States since March 8, 1989. *Id*. Defendant was arrested on January 11, 2013. On January 13, 2013, the United States filed a criminal complaint charging that Defendant violated 21 U.S.C. §§ 841 and 952 by unlawfully, knowingly, and intentionally importing and possessing, with intent to distribute, 94.5 pounds of marijuana. *Doc. 1*. After her arrest, and after having received her Miranda warning, Defendant confessed to the crimes at issue. *Doc. 54*, Ex. 2. On

1

April 17, 2013, Defendant was indicted on the same counts of possession with intent to distribute and importation of marijuana. *Doc. 19*. On July 15, 2013, Defendant, pursuant to a plea agreement, pled guilty to both counts of the indictment. *Doc. 37*. In the plea agreement, the government agreed to stipulations which would yield a time served sentence under the sentencing guidelines. *Doc. 54*, Ex. 2. At the sentencing hearing on August 20, 2013, United States District Judge Joe Billy McDade accepted the stipulations and imposed a sentence of time served. *Docs. 42, 43, 44*.

That same day, the Department of Homeland Security (DHS) initiated removal proceedings against Defendant. *Doc. 49* at 1, Ex. 1. On September 24, 2013, Defendant filed her Motion to Set Aside Judgment. *Doc. 49*. The motion is a writ of coram nobis through which Defendant moves the court to vacate her conviction based on ineffective assistance of counsel for a failure to advise her of the immigration consequences (deportation) of her guilty plea. *Id*. at 4. The government responded on November 4, 2013. *Doc. 54*.

The Magistrate Judge recommended finding that Defendant's allegation that Mr. Ortiz somehow "misled" her into pleading guilty without her knowing of the immigration consequences attendant thereto is directly contradicted by the plea agreement and colloquy. Further, he recommended finding that, at her plea hearing and prior to entering a guilty plea, Defendant was advised of the consequences of pleading guilty, including removal from the United States. Therefore, he concluded

that Defendant had failed to show either that her attorney's performance was below an objective standard of reasonableness or that she was prejudiced by his supposed failures.  Therefore, the Magistrate Judge recommended finding the absence of extraordinary circumstances necessary to merit relief under a writ of error coram nobis and denying Defendant's Motion.

## II.   STANDARD OF REVIEW

When resolving objections to a magistrate judge's PFRD, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

Unlike habeas corpus relief, a writ of error coram nobis may be invoked by a defendant who is not in custody but who still seeks to challenge the validity of a judgment and sentence.  *Igo v. United States*, 303 F.2d 317, 318 (10th Cir. 1962); *Ward v. United States*, 381 F.2d 14 (10th Cir. 1967).  The Tenth Circuit has established three

prerequisites to grant the writ of error coram nobis: (1) the petition must demonstrate that the petitioner "was duly diligent in bringing his claim;" (2) "other remedies and forms of relief are unavailable or inadequate;" and (3) the "writ is available only to correct errors resulting in a complete miscarriage of justice and under circumstances compelling such action to achieve justice." *United States v. Ballard*, 317 Fed. App'x 719, 720-21 (10th Cir. June 11, 2008) (citation and internal quotation marks omitted). The petitioner bears the burden of establishing each of these prerequisites. *Id*. To establish the "complete miscarriage of justice" prong on the basis of ineffective assistance of counsel, the petitioner must show at least "that his counsel's efforts were objectively unreasonable and that his counsel's deficiencies prejudiced him." *Id*. at 722 (citing *Strickland v. Washington*, 455 U.S. 668, 687 (1984)). Indeed, the first prong is met if counsel fails to "inform [his] client whether [her] plea carries a risk of deportation." *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010). Finally, to establish the second prong in a guilty plea context, a "defendant must show . . . that, but for counsel's error, the defendant would have insisted upon going to trial." *United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005) (citation omitted).

### III.  ANALYSIS

Defendant's first objection is based on an opinion from the New Mexico Court of Appeals. That court concluded that a judge's warnings at a plea colloquy should be given very little weight in a *Strickland* prejudice analysis. *See State v. Favela*, 311 P.3d

1213, 1222-23 (N.M. Ct. App. 2013).  Of course, federal law applies to Defendant's motion.  On this issue, federal law gives significant weight to warnings and information provided by a court to criminal defendants.  *See, e.g., Lasiter v. Thomas*, 89 F.3d 699, 703 (10th Cir. 1996); *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Hedman v. United States*, 527 F.2d 20, 22 (10th Cir.1975) (per curiam).  Therefore, this objection is overruled.

Defendant also objects to the Magistrate Judge's reasoning that Defendant's sworn negative answer to the question "is there anything else out there that you feel like somebody promised to you to get you to plead guilty that's not written down in the plea agreement?" undermined her instant claims.  Defendant argues that her attorney's whispered statement that she "should not worry about [the immigration consequences] and that we will deal with that later" is not a "promise."  To an extent, the Court agrees.  This vague statement, in the face of the Court's explicit warnings and the clear language of the plea agreement, is not something upon which Defendant should have reasonably relied.  Nonetheless, she claims she did rely on his assurance.  Thus, by her own claimed understanding, it was a "promise."  *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1815 (Philip B. Gove, Ph.D. et al. eds. 1986) (defining "promise" as "a declaration that one will do or refrain from doing something specified; . . . an undertaking however expressed that something will happen or that something will not happen in the future; . . . a declaration that gives the person to whom it is made a right to expect or to claim the performance or forbearance of a specified act").  The Court

5

agrees that Defendant's sworn answer undermines the claims in her affidavit. This objection is overruled.

Plaintiff's remaining objections generally attack the Magistrate Judge's conclusion that she had not raised a substantial issue of fact as to her claims. Having reviewed the Magistrate Judge's analysis and recommendation, the Court overrules each such objection. As the Magistrate Judge concluded, Defendant's self-serving affidavit is directly contradicted by the plea agreement and her sworn statements during her plea colloquy. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74, (1977). The "truth and accuracy" of a defendant's statements during the plea hearing "should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements." *Hedman v. United States*, 527 F.2d 20, 22 (10th Cir.1975) (per curiam). For the reasons laid out by the Magistrate Judge, Defendant's claim to have been unaware of the immigration consequences of a guilty plea is a "contention[] that in the face of the record [is] wholly incredible."

## IV.   CONCLUSION

Defendant has failed to show either that her attorney's performance was below an objective standard of reasonableness or that she was prejudiced by his supposed

6

failures.  Thus, the Court does not find the extraordinary circumstances necessary to merit relief under a writ of error coram nobis.

For these reasons, IT IS HEREBY ORDERED that Defendant's Objections set out in *doc. 60* are OVERRULED, and the Proposed Findings and Recommended Disposition (*doc. 59*) are ADOPTED.  Defendant's Motion (*doc. 49*) is DENIED.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE